**No. 66580.**—Canton Son, Inc. *v.* United States, protests 59/33180, 60/90, and 60/1364 (New York).

MOLLISON, Judge: The plaintiff herein imported merchandise, described on the invoices as "picnic sets," on which the collector took duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412, Tariff Act of 1930, as modified by T.D. 52373 and T.D. 52476, for—

Manufactures of wood * * * or of which wood * * * is the component material of chief value, not specially provided for :

\*       \*       \*       \*       \*       \*       \*

Other [than certain manufactures not here involved] * * *.

It is claimed to be properly dutiable at the rate of 11 per centum ad valorem under the provision in said paragraph 412, as modified by T.D. 54108, for—

Furniture, wholly or partly finished * * * wholly or in chief value of wood, and not specially provided for :

\*       \*       \*       \*       \*       \*       \*

Other furniture [than chairs] * * *.

There is no dispute as to the character of the merchandise involved. It consists of two halves of a wooden box, each 29 inches long, 19 inches wide, and 2 inches deep, hinged on one long side, so that when the box is opened it forms a tabletop, 29 by 38 inches in diameter. Attached to the under side of the top are folding wooden legs, approximately 25 inches long, arranged in the fashion of bridge table legs. In two compartments inside the box are four wood and canvas stools. The outfit is provided with snap fasteners and a leather handle, so that, when folded, and the stools placed inside, it may be carried about, and yet may easily and quickly be set up on occasion for use as a table and four seats.

The use of the article is obvious from an inspection of a sample, exhibit 1, which is before us, as well as having been established by the record. It is primarily used as a table and seats at picnics outdoors, and, secondarily, in any place where an extra table and seats might be needed.

Plaintiff relies upon a number of decisions of this and our appellate court, principally upon our decision in the case of *Decorative Imports* v. *United States*, 43 Cust. Ct. 31, C.D. 2099, involving certain seats with back rests, having only a slight elevation above the floor or ground and used both indoors and outdoors as a seat. There, as here, the merchandise had been assessed with duty under the provision for manufactures of the material which was in chief value in the article and was claimed to be properly dutiable as furniture.

In holding such an article to be properly classifiable as furniture, we noted that the article was within the accepted definition of furniture, according to its use, and that the tariff provision for furniture in the present act is not limited to conventional and indoor furniture, but includes unconventional and outdoor furniture as well.

In *United States* v. *Quon Quon Company*, 46 C.C.P.A. (Customs) 70, C.A.D. 699, our appellate court observed that use of a given article as furniture was a most important indication of its character as furniture.

Defendant contends that articles or equipment used on picnics are not within the character of articles which Congress intended to embrace in the provision for "furniture" and, in support thereof, cites excerpts from the Summary of

Tariff Information, 1921, Summary of Tariff Information, 1948, Tariff Information Surveys prepared by the United States Tariff Commission on articles in the Tariff Act of 1913, and the Dictionary of Tariff Information (1924).

Basically, the question before us is whether the merchandise at bar is of such a nature that it is or is not included within the common meaning of the term "furniture," as used in the tariff act. We do not think that the aids to our understanding of the meaning of that term, which have been cited by the defendant, demonstrate an intention on the part of Congress to exclude merchandise such as that at bar from the furniture provision in the present tariff act. The citations are generally referable to the tariff designation "house or cabinet furniture," which was the designation which appeared in paragraph 176 of the Tariff Act of 1913 and paragraph 410 of the Tariff Act of 1922. The limitation "house or cabinet" was dropped in the revision of the tariff which became the Tariff Act of 1930.

The articles before us primarily serve as furniture, i.e., as a table and seats. The fact that they are foldable and portable and are generally denominated as "picnic sets" does not change their character and use to anything other than furniture. Applying the principles of the *Quon Quon* and *Decorative Imports* cases, we find the articles in question to be furniture, other than chairs, and to be properly classifiable as claimed at 11 per centum ad valorem under paragraph 412, as modified.

Judgment will issue accordingly.